# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, WILLIAMS, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 WILTON M. RAMOS**
**United States Army, Appellant**

ARMY 20230214

Headquarters, 7th Infantry Division
Robert E. Murdough and Matthew S. Fitzgerald, Military Judges
Lieutenant Colonel Aaron L. Lykling, Staff Judge Advocate

For Appellant: Captain Robert W. Duffie, JA; William E. Cassara, Esquire (on brief and reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Marc Sawyer, JA; Captain Dominique L. Dove, JA (on brief).

10 October 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of willfully disobeying a superior commissioned officer, one specification of child endangerment by culpable negligence, one specification of abusive sexual contact, and five specifications of domestic violence in violation of Articles 90, 119b, 120, and 128b, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 919b, 920, 928b (2019) [UCMJ].[1] The military

---

[1] After reviewing appellant's assignments of error, we find they merit neither discussion nor relief. We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they also merit neither discussion nor relief.

judge sentenced appellant to a bad conduct discharge, confinement for 1,460 days, and the total forfeiture of all pay and allowances.

## BACKGROUND

In matters submitted pursuant to Rule for Courts-Martial [RCM] 1106, appellant requested the convening authority "defer any adjudged forfeitures until the entry of judgment and then *disapprove them at action* . . . ." (emphasis added). Appellant also requested deferment and waiver of automatic forfeitures for the benefit of his son.

During post-trial action, pursuant to appellant's request, the convening authority approved "[t]he Defense request for the deferment of the adjudged forfeitures of pay until the entry of judgment." Next, the convening authority stated "[t]he Defense request for the . . . *disapproval* of the *deferment* of adjudged forfeitures *until* [the] Convening Authority Action is approved." (emphasis added). This sentence incorrectly summated the nature of appellant's request and ultimately served as a denial of his request to disapprove adjudged forfeitures. The convening authority, however, deferred and waived automatic forfeitures for six months for the benefit of appellant's son.

## LAW AND DISCUSSION

When the intent of the convening authority is clear, "judicial economy permits us to cure [errors in the convening authority action], rather than burdening [staff judge advocates] and convening authorities with execution and review of new actions to cure trivial errors." *United States v. Hertel*, 2021 CCA LEXIS 112, at *5 (Army Ct. Crim. App. 15 Mar. 2021) (summ. disp.) (cleaned up).

Appellant's RCM 1106 matters were focused on providing financial support to his son through the deferral and disapproval of adjudged forfeitures and the deferral and waiver of automatic forfeitures. By approving the deferral and waiver of automatic forfeitures, the convening authority demonstrated his intent to also provide the benefit of financial support to appellant's son. However, the convening authority's confusing action regarding the adjudged forfeitures frustrated his intent.

Pursuant to RCM 1109(c)(5)(C), a convening authority may reduce, commute, or suspend adjudged forfeitures during post-trial action. Although his action did not ultimately do that, we discern the convening authority attempted to grant appellant's requested relief. The language of the action, however, failed to grant appellant's request or effectuate the convening authority's intent. As such, we find judicial economy permits us to cure this error and we provide relief in our decretal paragraph.

2

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Only so much of appellant's sentence as it extends to a bad-conduct discharge and 1,460 days of confinement is AFFIRMED. Appellant's sentence to the forfeiture of all pay and allowances is SET ASIDE. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c), 75(a).

Judge WILLIAMS and Judge COOPER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court